UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B.,<br><br>      Plaintiff,<br><br>  v.<br><br>RICHARD K. VARRASSO doing business as Richard Varrasso and Associates and AppraisalTrust.com, an individual; PREMIER VALLEY, INC. doing business as CENTURY 21 M&M ASSOCIATES, a California corporation; and KAREN BHATTI, an individual,<br><br>      Defendants. | NO. CIV. 2:11-2628 WBS CKD<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO STRIKE</u> |

----oo0oo----

      Plaintiff Federal Deposit Insurance Corporation ("FDIC") as Receiver for Indymac Bank, F.S.B. ("Indymac") brought this action against defendants Richard K. Varrasso, doing business as Richard Varrasso and Associates and AppraisalTrust.com, Premier Valley, Inc. ("Premier"), doing

1

business as Century 21 M&M Associates, and Karen Bhatti, arising out of defendants' allegedly wrongful misrepresentations regarding the purchase of two residential properties. Presently before the court is plaintiff's motion to strike Varrasso's affirmative defense of comparative negligence pursuant to Federal Rule of Civil Procedure 12(f). (Docket No. 43.)

I.  Factual and Procedural Background

Plaintiff FDIC is a government entity appointed by the Office of Thrift Supervision to act as Receiver for IndyMac pursuant to 12 U.S.C. § 1821(d)(2)(B). (Compl. ¶ 1.) IndyMac's legal claims have accordingly been retained by or transferred to the FDIC. (Id.)

Varrasso is engaged in the business of appraising residential real property. (Id. ¶ 3.) In 2006 and 2007, Varrasso prepared appraisal reports in connection with two residential properties. (Id. ¶¶ 12, 16.) Plaintiff alleges that Varrasso knew that the appraisals would be used by lenders, such as IndyMac, for mortgage lending purposes. (Id. ¶¶ 20, 49.) Plaintiff further alleges that Varrasso failed to comply with regulatory requirements established for transactions funded through federally regulated financial institutions, and that this failure resulted in mistakes such as inflating the listing price of the property, neglecting to address the listing history of the property, and failing to use and analyze comparable sales. (Id. ¶¶ 19, 30, 47.)

Plaintiff maintains that IndyMac funded the two mortgages in reliance on the appraisals that Varrasso prepared. (Id. ¶¶ 21, 50.) Plaintiff further alleges that it suffered

2

foreseeable damages on the loans. (Id. ¶¶ 22, 32, 51, 61.)

Plaintiff filed its Complaint on July 6, 2011, alleging six claims for relief. Plaintiff asserts causes of action against Varrasso for negligent misrepresentation and breach of contract. (Id. ¶¶ 17-32, 45-61.) Varrasso filed his Answer on February 28, 2012. (Docket No. 42.) Varrasso's first affirmative defense states that:

> . . . Plaintiff's predecessor in interest was itself negligent and such negligence was a contributing, proximate cause to Plaintiff's alleged injuries and damages, if any there were, and that such comparative fault and negligence on the part of the Plaintiff's predecessor in interest shall serve to reduce the damages, if any, which are the subject of this lawsuit.

(Answer of Def. Varrasso at 8:6-10.)

## II. Judicial Notice

In general, a court may not consider items outside the pleadings when deciding a motion to dismiss, but it may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Judicial notice may properly be taken of matters of public record outside the pleadings. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

Plaintiff filed a request for judicial notice that requests that the court take judicial notice of the unpublished Order Granting Plaintiff's Motion to Strike Defendant's Fifth

3

Affirmative Defense Pursuant to Federal Rule of Civil Procedure 12(f) in <u>Federal Deposit Ins. Corp. v. Mahan</u>, Case No. CV11-054-4 (C.D. Cal. Nov. 14, 2011).  To the extent that plaintiff requests that the court take judicial notice of the existence of the district court's opinion in <u>F.D.I.C. v. Mahan</u>, the request is granted.  See <u>Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank</u>, 136 F.3d 1360, 1364 (9th Cir. 1998).  However, the court will not take judicial notice of any disputed facts contained in the opinion.  See <u>Lee v. City of L.A.</u>, 250 F.3d 668, 690 (9th Cir. 2001).

III. <u>Discussion</u>

Pursuant to Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  The purpose of the rule is to avoid the costs that accompany litigating spurious issues by dispensing with those issues prior to trial.  <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983).  "Motions to strike are generally viewed with disfavor and are not frequently granted.  Courts must view the pleading under attack in the light more favorable to the pleader."  <u>Garcia ex rel. Marin v. Clovis Unified Sch. Dist.</u>, No. 1:08-CV-1924, 2009 WL 2982900, at *23 (E.D. Cal. Sept. 14, 2009) (citation omitted).  "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party."  <u>Hernandez v. Balakian</u>, No. CV-F-06-1383, 2007 WL 1649911, at *1 (E.D. Cal. June 1, 2007) (internal quotation marks omitted).

To determine that a defense is insufficient as a matter

4

of law, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." Schmidt v. Pentair, Inc., No. C08-4589, 2010 WL 4607412, at *2 (N.D. Cal. Nov. 4, 2010). In other words, a motion to strike based on legal insufficiency "will not be granted unless it appears to a certainty that plaintiff[] would succeed despite any state of the facts which could be proved in support of the defense." Griffin v. Gomez, No. C 98-21038, 2010 WL 4704448, at *4 (N.D. Cal. Nov. 12, 2010). Denials that are improperly pled as defenses should not be stricken on that basis alone. Mattox v. Watson, No. CV 07-5006, 2007 WL 4200213, at *1 (C.D. Cal. Nov. 15, 2007) (noting that the authority on this issue is sparse). Plaintiff argues that Varrasso's affirmative defense of contributory negligence is immaterial or impertinent to the causes of action of negligent misrepresentation and breach of contract and should therefore be striken.

"Comparative fault is not a defense to negligent misrepresentation, which is a species of the tort of deceit. In a case arising from an allegation of deceit, whether intentional or negligent, Plaintiff's behavior is subsumed under the reliance element." F.D.I.C. v. Kirkland, No. CV 10-3286, 2010 U.S. Dist. LEXIS 143690, at *5 (C.D. Cal. Oct. 28, 2010) (citing Van Meter v. Bent Const. Co., 46 Cal. 2d 588, 594 (1956)). The court in Carroll v. Gava, 98 Cal. App. 3d 892 (3d Dist. 1979), reasoned that the comparative fault concept

> has no place in the context of ordinary transactions. . . . Business ethics justify reliance upon the accuracy of information imparted in buying and selling, and the

5

>risk of falsity is on the one who makes a representation. This straightforward approach provides an essential predictability to parties in the multitude of everyday exchanges; application of comparative fault principles, designed to mitigate the often catastrophic consequences of personal injury, would only create unnecessary confusion and complexity in such transactions.

Id. at 897 (citations omitted).

Courts have recognized the possibility of a comparative negligence defense to a negligent misrepresentation claim when a plaintiff's own conduct is "preposterous or irrational." Van Meter v. Bent Constr. Co., 46 Cal. 2d at 595; see also F.D.I.C. v. JSA Appraisal Serv., No. 5:10-cv-02077-LHK, 2010 WL 3910173, at *2 (N.D. Cal. Oct. 2010). While such a defense may be possible in this case, defendants' conclusory statement that "[p]laintiff's predecessor in interest was itself negligent and such negligence was a contributing, proximate cause to plaintiff's alleged injuries and damages," (Answer of Def. Varrasso at 8:6-7), is insufficient to plead that plaintiff's conduct was "preposterous or irrational" or provide plaintiff with a fair notice of the basis for this defense. See F.D.I.C. v. JSA Appraisal Serv., 2010 WL 3910173, at *2 (finding that defendants' statement that "'others,' including Plaintiff, were at fault" did not provide adequate notice of the basis for the defense).

Striking Varrasso's comparative negligence defense does not affect Varrasso's ability to assert that plaintiff's reliance on the acts and representations of third parties other than himself affects damages and causation. See Kohn v. Superior Court, 142 Cal. App. 3d 323, 331 (1st Dist. 1983) ("[Carroll's] holding does not imply that relative fault will not be assessed

6

between or among defendants jointly charged with misrepresenting to the plaintiff.  Only its dicta could be interpreted so broadly."); F.D.I.C. v. Sethi, No. C-11-3339, 2011 WL 6749008, at *3 (N.D. Cal. Dec. 22, 2011).

    The remaining cause of action against Varrasso is for breach of contract.  It is well established that comparative fault is not a defense to a breach of contract claim.  See Kransco v. Am. Empire Surplus Lines, Ins. Co., 23 Cal. 4th 390, 402-03 (2000); F.D.I.C. v. Kirkland, 2010 U.S. Dist. LEXIS 143690, at *6.  Accordingly, the court will grant plaintiff's motion to strike Varrasso's affirmative defense of comparative fault.

    IT IS THEREFORE ORDERED that plaintiff's motion to strike defendant Varrasso's affirmative defense of comparative fault be, and the same hereby is, GRANTED.

    Defendant has twenty days from the date of this Order to file an amended answer, if he can do so consistent with this Order.

DATED:  April 9, 2012

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE