UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION as Receiver for INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD K. VARRASSO doing business as Richard Varrasso and Associates and AppraisalTrust.com, an individual; PREMIER VALLEY, INC. doing business as CENTURY 21 M&M ASSOCIATES, a California corporation; and KAREN BHATTI, an individual, <br><br> Defendants. | NO. CIV. 2:11-2628 WBS CKD <br><br> <u>MEMORANDUM AND ORDER RE: MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT</u> |

----oo0oo----

Plaintiff Federal Deposit Insurance Corporation ("FDIC") as Receiver for Indymac Bank, F.S.B. ("Indymac") brought this action against defendants Richard K. Varrasso, doing business as Richard Varrasso and Associates and AppraisalTrust.com, Premier Valley, Inc. ("Premier Valley"),

1

doing business as Century 21 M&M Associates, and Karen Bhatti, arising out of defendants' allegedly wrongful misrepresentations regarding the purchase of two residential properties.  Presently before the court is defendants' Bhatti and Premier Valley's motion for leave to file a third-party complaint pursuant to Federal Rule of Civil Procedure 14(a).  (Docket No. 61.)

I.   Factual and Procedural Background

Plaintiff FDIC is a government entity appointed by the Office of Thrift Supervision to act as Receiver for IndyMac pursuant to 12 U.S.C. § 1821(d)(2)(B).  (Compl. ¶ 1.)  IndyMac's legal claims have accordingly been retained by or transferred to the FDIC.  (Id.)

In its Complaint, plaintiff alleges that defendants Bhatti and Premier Valley negligently provided an incorrect purchase price of $499,000 for the property located at 2009 Saint Theresa Way in Modesto, California ("Property").  (Id. ¶¶ 36, 40.)  Plaintiff alleges that Kay-Co Investments, Inc., then funded and subsequently sold to Indymac two mortgages totaling $499,000 for the Property (a first mortgage of $399,200 and a second mortgage of $99,800).  (Id. ¶ 11.)  Plaintiff brings two of its claims against defendants Bhatti and Premier Valley: a state law claim of negligence and a state law claim of negligent misrepresentation.  (Id. ¶¶ 33-44.)  Plaintiff also asserts several causes of action against defendant Varrasso, who appraised the Property and an additional property, for negligent misrepresentation and breach of contract.  (Id. ¶¶ 17-32, 45-61.)

On February 1, 2012, the court issued a scheduling order, (Docket No. 39), in which it set that day as the deadline

2

to request leave to file amended pleadings or to add parties. On February 28, 2012, defendants Bhatti and Premier Valley filed an answer to plaintiff's complaint. (Docket No. 42.) On September 17, 2012, they filed the instant motion for leave to file a third-party complaint against Sophie Reisiyannejad aka Sophie Nejad; Western Investment Network, Inc., doing business as Era the Property Professionals; Anwar Frontan aka Ray Forotan aka Anwar Forotan, individually and doing business as Alpine Mortgage, a business entity form unknown; One Stop Real Estate, Inc., a California corporation; Equal Partners Lending, Inc., a California corporation; Emmanuel Kim; Kay-Co Investments, Inc., doing business as Pro30 Funding; Marissa Weisbly; and Sylvia Marie. (Docket No. 61.) On September 24, 2012, plaintiff filed a notice of non-opposition. (Docket No. 62.) Defendant Varrasso failed to file an opposition.[1]

II.  Discussion

Federal Rule of Civil Procedure 14(a) provides in pertinent part:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed. R. Civ. Pro. 14(a). The decision whether to implead a

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

3

third-party defendant is addressed to the sound discretion of the trial court. Sw. Adm'rs, Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).

The purpose of Rule 14 is to promote judicial efficiency by eliminating the need for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim. Sw. Adm'rs, 791 F.2d at 777 (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1442, at 202-03 (1971)). For this reason, it is construed liberally in favor of allowing impleader. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999). In determining whether to permit impleader, the court considers prejudice to the original plaintiff, complication of issues at trial, likelihood of trial delay, and timeliness of the motion to implead. Irwin v. Mascott, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

Bhatti and Premier Valley argue that the negligence alleged against them is not the cause of plaintiff's alleged damages. They argue that the intentional and fraudulent acts of the proposed third-party defendants are instead the causes in fact of plaintiff's alleged damages because the purchaser of the Property, Marissa Weisbly, admits that the purchase was part of a scam, that her loan applications contained fraudulent misrepresentations, and that she never had any intention of making payments on the loan for the Property. (Mem. in Supp. of Mot. for Leave ("Mem.") (Docket No. 61) at 2:3-17.) Therefore, defendants Bhatti and Premier Valley argue that the proposed third-party defendants are liable to them for indemnity for any

4

judgment and attorney fees incurred in defending this action. (Mem. at 5:12-15.)

Bhatti and Premier Valley argue that plaintiff will not be prejudiced by the third-party complaint because they immediately notified plaintiff's counsel of the alleged wrongdoing of the proposed third-party defendants as soon as they became aware of it and requested that plaintiff dismiss the action against them. (Id. at 5:17-23.) The instant request should therefore be of no surprise. (Id.) Furthermore, Bhatti and Premier Valley argue that impleading the third-party defendants will aid development of the issues and evidence at trial because even if the court does not grant this motion, they will be subject to subpoena and will be witnesses trial. (Id. at 5:17-23.) Trial efficiency will be served by having the evidenced presented once, rather than presenting the same evidence later in a separate action for indemnity. (Id.)

Finally, Bhatti and Premier Valley explain that they did not unduly delay in bringing this motion because they did not possess the information needed to bring their claims until after the deposition of Marissa Weisbly in June 2012. (Id. at 6:8-12.) They note that after the deposition their counsel immediately wrote to plaintiff's counsel requesting that plaintiff dismiss the claims against them or stipulate to allow a third-party complaint.

In light of the foregoing circumstances, including the fact that plaintiff does not oppose Bhatti and Premier Valley's motion and defendant Varrasso failed to file any opposition, the court concludes that granting the instant motion is appropriate.

5

1  Bhatti and Premier Valley's motion is timely, and granting the
2  motion will not cause undue prejudice to any of the existing
3  parties.  The court also concludes that granting the instant
4  motion will not complicate issues at trial, but rather will
5  promote judicial efficiency, as it will eliminate the need for
6  Bhatti and Premier Valley to bring a separate action against the
7  proposed third-party defendants, which they allege may be liable
8  for any judgment against them.
9         IT IS THEREFORE ORDERED that defendants' motion for
10 leave to file a third party complaint be, and the same hereby is,
11 GRANTED.
12 DATED:  October 18, 2012

*/s/ William B. Shubb*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE